**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WALTER LEE, | ) | |
| | ) | Case No. 07 C 2035 |
| Plaintiff, | ) | |
| | ) | Hon. George W. Lindberg |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is plaintiff Walter Lee's ("Lee") motion for attorneys' fees pursuant to 42 U.S.C. § 1988. Plaintiff is the undisputed prevailing party in this case and his counsel is requesting an award of $82,190.00 in attorneys' fees. Defendants object to that request, claiming plaintiff's attorneys are only entitled to $15,346.50 in fees. For the reasons set forth more fully below, the motion for attorneys' fees is granted in part and denied in part. The final fee award is $37,402.50.

*I. Relevant Facts*

This was a rather straightforward civil rights case filed pursuant to 42 U.S.C. § 1983. At the time plaintiff accepted defendants' offer of judgment for $20,001.00, the parties were still responding to written discovery requests and had only taken one deposition - plaintiff's. Despite resolving this case prior to conducting significant oral discovery, filing motions for summary judgment or preparing for trial, plaintiff's counsel devoted more than 330 hours to this case. Defendants claim that some of plaintiff's counsels' hourly billing rates and hours spent on this case are excessive and the Court agrees.

## II. Legal Analysis

To put this fee petition into perspective, the Court looks to a Judge Pallmeyer's order in *Santiago v. Rodriguez*, 04 C 7677 (N.D. Ill. Mar. 28, 2008). Similar to Lee's case, *Santiago* involved alleged violations of 42 U.S.C. § 1983. However, *Santiago* was considerably more complex than the instant case. *Santiago* was a consolidated case with three plaintiffs, four defendants and more than ten disputed claims. After a six-day jury trial, the jury returned a split verdict and awarded $10,000 to one plaintiff and $9,000 and another plaintiff. The final fee award in that case, after a six-day jury trial and extensive oral discovery, was $81,706.92. A fee award in this case similar to the one in *Santiago* does not seem appropriate or reasonable. Fee award determinations are inherently fact-intensive and the Court's determination of the award is accorded significant deference. *Robinson v. City of Harvey*, 489 F.3d 864, 872 (7th Cir. 2007).

### A. Counsel's Hourly Rate

Plaintiff's counsel seeks fees for three attorneys and various paralegals. Plaintiff's lead counsel, Lawrence Jackowiak, seeks an hourly rate of $325, which defendants do not contest and the Court finds reasonable. Defendants also do not object to a paralegal hourly rate of $100. The Court also finds that rate reasonable. Two associates at Mr. Jackowiak's firm, Daniel Kiss and Louis Meyer, also worked on this case. Mr. Kiss and Mr. Meyer seek hourly rates of $275 and $225, respectively. The defendants object to both rates and argue that reasonable hourly rates for Mr. Kiss and Mr. Meyer are $200 and $170, respectively.

In order to determine reasonable hourly rates for Mr. Kiss and Mr. Meyer, the Court considers "the rate that lawyers of similar ability and experience in their communities normally charge their paying clients for the type of work in question." *Harper v. City of Chicago Heights*,

223 F.3d 593, 604 (7th Cir. 2000)(*quoting Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 555 (7th Cir. 1999)). For Mr. Kiss and Mr. Meyer, who recover fees on a contingency basis and through court-awarded fees, the Court looks "to rates charged by other attorneys of similar abilities and experience, fee awards in previous cases, and the attorneys' credentials" to determinate a reasonable hourly rate. *Santiago v. Rodriguez*, 04 C 7677 (N.D. Ill. Mar. 28, 2008)(*citing People Who Care v. Rockford Bd. Of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1311-13 (7th Cir. 1996)). Plaintiff's counsel bear the burden of establishing that their requested rates are reasonable and appropriate. *Harper*, 175 F.3d at 604. Affidavits by Mr. Kiss and Mr. Meyer, without more, are not sufficient to meet their burden. *Id.*

Mr. Kiss is a 1998 law school graduate who began practicing civil rights law in 2007. Prior to joining Mr. Jackowiak's firm in 2007, Mr. Kiss served as a Cook County public defender and gained extensive criminal trial experience. In support of his request for $275 an hour, Mr. Kiss cites to his own affidavit in which he states that his "billing rate is $275 per hour" and that he "believes [that] rate is reasonable." Mr. Kiss does not provide any evidence that he actually billed clients at a rate of $275 per hour, or that any court has ever awarded him such a rate. He states that he tried two jury trials in the Northern District of Illinois this year, but he did not prevail in their case. In the reply brief in support of the instant motion, Mr. Kiss included an affidavit from another civil rights attorney, Mr. Kasbohm, but all Mr. Kasbohm states is that he believes the $275 rate is reasonable. Mr. Kasbohm does not state that an attorney with Mr. Kiss's experience has actually been awarded such a rate.

Mr. Meyer's support for his requested hourly rate of $225 is similarly scant. Mr. Meyer is a 2006 law school graduate, who has served as trial counsel in six civil rights jury trials in the

3

Northern District of Illinois. Because Mr. Kiss and Mr. Meyer did not provide the court with any evidence regarding what hourly rates they, or any other attorneys with similar experience to them, have actually received from paying clients or through a court award, the court looks to the award Judge Pallmeyer granted in *Santiago*. Judge Pallmeyer awarded attorney Amanda Yarusso, a 2003 law school graduate who tried four cases, $200 per hour. Using that award as a guide, the Court finds that $175 per hour is a reasonable rate for Mr. Meyer and $225 is a reasonable rate for Mr. Kiss.

### B. Counsel's Billable Time

Now, the Court turns to the reasonableness of expending 330 hours in a straightforward, civil rights case before the parties even began extensive oral discovery. In ruling on the pending fee petition, the Court is expected to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Echerhard*, 461 U.S. 424, 434 (1983). However, the Court is not required to perform a "line by line" review of the hours plaintiff's counsel billed. *See Divane v. Krull Elec. Co.*, 319 F.3d 307, 317 (7th Cir. 2003).

The court is very familiar with this case and the slow pace at which it progressed. There was more than a six month delay in identifying potential defendant police officers, attributable to both sides. Plaintiff's counsel also caused an additional three month delay by neglecting to serving three defendant officers due to a "clerical error" in their office. Plaintiff's counsel did not remedy that error until the Court brought it to their attention.

In determining whether the hours billed are reasonable and appropriate, the Court first turns to Mr. Kiss' timesheets. Mr. Kiss billed 15.6 hours on this case. He was not primary counsel and the decision to minimally involve him in this case was not an efficient use of

4

attorney time. The Court will allow 7.3 hours of Mr. Kiss' time. That time includes his two court appearances and the time he spent defending Mr. Lee's deposition. The Court will not award Mr. Kiss fees for time he spend attending a Chicago Housing Authority hearing, or time he spent becoming familiar with pleadings in this case or discussing this case with co-counsel, since he was not one of the primary attorneys working on the case. The Court also will not allow time for two attorneys to prepare Mr. Lee for his deposition. *See Mattenson v. Baxter Healthcare Corp.*, No. 02 C 3283, 2005 WL 1204616, at *3 (N.D. Ill. Feb. 11, 2005) (reducing a second attorney's fees for work on simple tasks). Mr. Kiss and Mr. Jackowiak both billed time for Mr. Lee's deposition preparation. The Court will allow Mr. Jackowiak's time, but not Mr. Kiss' time. The Court approves 7.3 hours by Mr. Kiss at a rate of $225 for a total of $1,642.50.

Next, the Court turns Mr. Jackowiak's and Mr. Meyer's time. According to the fee petition, Mr. Jackowiak spent 130 hours and Mr. Meyer spent 127.6 hours working on this case. Much of the time billed by Mr. Jackowiak and Mr. Meyer is duplicative. Notably, they billed nearly fifty hours for "meetings" with each other, but don't indicate what they discussed or how a simple case like this could require such extensive strategy meetings. They also billed almost 30 hours for time spent Mr. Lee's underlying criminal case, not the civil rights case. Those hours do not appear to be recoverable under 42 U.S.C. § 1988.

As the Court notes above, it is not required to conduct a "line by line" analysis of counsel's billing records. However, based on the Court's familiarity with this case, plaintiff's counsel's performance in court and the review of the billing records, the courts finds them to be excessive for a case of this nature. Therefore, the court will reduce Mr. Jackowiak and Mr. Meyer's hours by 50%. The Court will allow 65 of Mr. Jackowiak's hours at a rate of $325, for a

5

total of $21,125.00. The Court will allow 63.8 of Mr. Meyer's hours at a rate of $175, for a total of $11,165.00.

Finally, the Court turns to the 69.4 billable hours claimed by paralegals in Mr. Jackowiak's office. Plaintiff's counsel cannot recover fees for "purely clerical or secretarial tasks." *Missouri v. Jenkins*, 491 U.S. 274, 287-88 (1989), *see also People Who Care*, 90 F.3d at 1315. A significant portion of the paralegal time plaintiff seeks to recover is for non-compensable tasks including: photocopying; preparing documents for delivery; faxing; hand-delivering documents; scanning documents; entering dates into a calendar; ordering a court reporter; scheduling telephone conferences; and drafting letters to the Court regarding courtesy copies the Court has repeatedly told the parties it will not accept. Therefore, similar to the time for Mr. Jackowiak and Mr. Meyer, the Court will reduce the paralegals' billable time by 50% and will only allow recovery of 34.7 hours at a rate of $100, for a total of $3,470.00.

### III. Conclusion

In sum, the motion for attorneys' fees is granted in part and denied in part. Plaintiff's attorneys are awarded a total of $37,402.50. The Court reached that figure by multiplying each attorney or paralegal's allowable billable hours by his or her reasonable hourly rate. (65 hours for Mr. Jackowiak at $325 per hour = $21,125. 63.8 hours for Mr. Meyer at $175 per hour = $11,165. 7.3 hours for Mr. Kiss at $225 per hour = $1642.50. 34.7 hours for the paralegals at

$100 per hour = $3,470. $21,125 + $11,165 + $1642.50 + $3,470 = $37,402.50.)  It is so ordered.

                E N T E R:

                            _____
                            George W. Lindberg
                            SENIOR U.S. DISTRICT JUDGE

DATED:   December 18, 2008